LAW OFFICE OF MELANIE HILL
Melanie A. Hill, Esq.
Nevada Bar Number 8796
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148
Tel.: (702) 362-8500
Fax: (702) 362-8505
Melanie@MelanieHillLaw.com
*Attorney for Plaintiff Garry E. Golding*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| GARRY E. GOLDING, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | ) | |
| | ) | |
| CITY OF NORTH LAS VEGAS, a municipal corporation, | ) | |
| Defendant. | ) | |

NOW COMES the Plaintiff, GARRY E. GOLDING ("Plaintiff" or "Mr. Golding"), by and through his attorneys, Melanie A. Hill and The Law Office of Melanie Hill, and for his Complaint against Defendant states as follows:

**NATURE OF THE ACTION**

1. This action is brought pursuant to Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"), and other state tort claims, seeking damages for the unlawful employment discrimination and retaliation based on race that Plaintiff has been, and continues to be, subjected to throughout his employment with Defendant CITY OF NORTH LAS VEGAS (hereinafter referred to as "CITY" and/or

"Defendant") in violation of Title VII.  This action is also brought pursuant to the Americans with Disabilities Act, as amended ("ADA"), seeking damages for the unlawful employment discrimination and retaliation based on his disability that Plaintiff has been, and continues to be, subjected to throughout his employment with Defendant CITY in violation of the ADA.

**JURISDICTION AND VENUE**

2.   The Court has jurisdiction over this lawsuit as the same arises in part under Title VII of the 1964 Civil Rights Act, as amended by the 1991 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII") and the Americans with Disabilities Act of 1990, as amended ("ADA").

3.   Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 17, 2017.  Plaintiff Mr. Golding's EEOC initial intake form was delivered to the EEOC on January 12, 2017.

4.   On June 8, 2017, the EEOC mailed Plaintiff his Dismissal and Notice of Rights to sue.  Plaintiff received the letter on June 10, 2017.  (See Exhibit "1" attached hereto and incorporated herein by reference).  Plaintiff has filed this lawsuit within ninety (90) days from receiving the Notice of Right to Sue.

5.   Plaintiff has met all administrative prerequisites to bring this lawsuit.

6.   The unlawful employment practices alleged below were committed within the jurisdiction of this Court, the United States District Court for the District of Nevada, within Clark County, State of Nevada and this Court possesses jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise, among other federal laws, under Title VII.

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

**PARTIES**

8.   Plaintiff GARRY E. GOLDING is a resident of the City of North Las Vegas, Clark County, State of Nevada, and is currently, and was at all times relevant hereto, an employee of Defendant CITY OF NORTH LAS VEGAS.

9. Defendant CITY OF NORTH LAS VEGAS ("CITY") is a municipal corporation that is a political subdivision of the State of Nevada.

**FACTUAL ALLEGATIONS GENERALLY APPLICABLE TO ALL CLAIMS**

10. Mr. Golding has been employed by Defendant CITY from in or around February 2006 to the present, most recently in the position of Water Systems Operator II.

11. Since in or around August 2015 to the present, Mr. Golding has endured unequal terms and/or conditions of employment and has consistently been denied promotion opportunities that he is qualified for.

12. In or around August 2015 and in or around July 2016, Mr. Golding was denied a promotion that was ultimately awarded to a less qualified candidate that was not of Mr. Golding's protected group (African-American) by Defendant CITY.

13. The two promotions that Mr. Golding was denied, to the position of Utilities Operations Manager and to the position of Water Systems Supervisor, have supervisory and management job assignments and greater pay and stature as well as the opportunity for further promotion.

14. Utilities Director, Randall DeVaul (Caucasian), informed Mr. Golding that he was not qualified for the promotion of Utilities Operations Manager when they discussed the open position. A month after posting the position, Director DeVaul obtained a 6-month "conditional letter" from the Nevada Division of Environmental Protection (NDEP) allowing Scott Durbin (Caucasian) to be the Designated Operator (DO) in responsible charge of the water system with his Level D3 certification. To obtain the conditional letter from NDEP authorizing the use of a Level D3 certified worker, the Director did not inform the state officials that Mr. Golding was a Level D4 certified employee that could have been put into the position.

15. With respect to the promotion to Water Systems Supervisor, Director DeVaul (Caucasian) announced during a staff meeting that he was appointing Steve Gordon (Caucasian) to work "out of his designated job classification" and in the position as temporary (acting) Water Systems Supervisor until a permanent and qualified candidate for the supervisor vacancy

was appointed/promoted. At the time, Mr. Gordon was appointed he only had a Level D2 certification while Mr. Golding met the supervisory experience for the position and possessed the required state certification and higher Level D4 to serve as the Water Systems Supervisor. Despite meeting all the requirements, Plaintiff Mr. Golding was not appointed to the position. Eventually, after obtaining the required certifications and modifying the job description, Mr. Gordon was promoted to Water Systems Supervisor.

16. In or around December 2015, Mr. Gordon subjected Plaintiff Mr. Golding to an unequal rating period time frame for his annual evaluation. Other similarly situated employees, not of Mr. Golding's protected class, were not subjected to this treatment.

17. In or around March 2016, Mr. Golding was harassed and subjected to a medical exam by Mr. Gordon.  Another similarly situated employee, Richard Gulka (Caucasian), not of Mr. Golding's protected group was not subjected to a medical exam or harassed after having committed the same or similar performance issue that Mr. Golding was accused of by Mr. Gordon.

18. Mr. Golding has a pre-existing and documented military service-connected disability, sleep apnea.

19. No reason has been given to Mr. Golding from Defendant CITY as to why he has been denied promotions, despite being more qualified than Mr. Gordon.

20. The reason given to Mr. Golding for being harassed and subjected to a medical exam by Mr. Gordon was due to nodding off during a training session. However, Mr. Gordon did not subject other similarly situated employees, not of Mr. Golding's protected group to the same harassment or medical exam.

21. No reason was given to Mr. Golding for Mr. Gordon subjecting him to an unequal evaluation time period, when compared to other similarly situated employees, not of his protected group.

22. Plaintiff Mr. Golding complained to Human Resources and filed a grievance with the Union and was retaliated against after filing these complaints and grievances.

23. Plaintiff Mr. Golding continues to suffer retaliation after filing his complaint with the EEOC.

24. The retaliation includes subjecting him to differing performance standards, stricter scrutiny or closer supervision of his work, taking away his driving privileges, requiring him to drive a different car with a GPS device, relegating him to perform menial work duties, disciplining him for falling asleep when a white employee was not disciplined for similar behavior, unwarranted and unjustified negative performance reviews, and unwarranted written reprimands.

25. Human Resources has not addressed or investigated any of Mr. Golding's complaints and the Union has not resolved his grievances.

## FIRST CAUSE OF ACTION

### Discrimination Based on Race in Violation of Federal Statutes

26. Plaintiff Mr. Golding repleads and realleges every allegation contained in paragraphs 1 through 25 with the same force and effect as if set forth herein.

27. Plaintiff Mr. Golding, an African-American male, is a member of the class of persons protected by federal statutes prohibiting discrimination based on race.

28. The Defendant, as an employer, is subject to the federal statute prohibiting race discrimination, Title VII, 42 U.S.C. § 2000e *et seq.* as amended and thus has a legal obligation to provide Plaintiff Mr. Golding and all employees a workplace free of unlawful discrimination.

29. Mr. Golding was treated differently because of his race, African-American, and that differential treatment altered the terms and conditions of his employment, created a hostile work environment, made it more difficult for him to do his job, affected his job performance, and prevented him from promotions and advancement opportunities that he was qualified for. Examples of this differing treatment, some of which are detailed above, include but are not limited to, subjecting him to differing performance standards, stricter scrutiny or closer supervision of his work, denying promotions and/or informing him that he was not eligible for a

promotion that he qualified for, and then the failure to prevent and remedy workplace misconduct based on race.

30. These actions constitute violations of federal law prohibiting race discrimination, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

31. The Defendant is an employer subject to Title VII and thus is liable for damage and injuries that Mr. Golding suffered, and continues to suffer, while in its employ for illegal discrimination.

32. Plaintiff Mr. Golding has suffered economic losses as a result of this illegal race discrimination and failure to promote, including being subjected to differing performance standards, and he is entitled to recover an amount sufficient to make him whole.

33. Plaintiff Mr. Golding has suffered emotional distress, humiliation, and mental anguish and under the aforementioned federal statute, he is entitled to be compensated therefor.

34. Plaintiff Mr. Golding is also entitled to punitive damages in an amount sufficient to punish the Defendant and to deter them and others from engaging in these actions. Under the aforementioned federal statute, Plaintiff Mr. Golding is entitled to recover punitive damages from the Defendant.

35. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff Mr. Golding has had to secure the services of an attorney to pursue this action, and he should be awarded a reasonable sum for his attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**Discrimination Based on Race in Violation of State Statutes**

36. Plaintiff Mr. Golding repleads and realleges every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. Plaintiff Mr. Golding, an African-American male, is a member of the class of persons protected by state statutes prohibiting discrimination based on race.

38. Defendant, as an employer in Nevada, are subject to the state statute prohibiting discrimination based on race, N.R.S. 613.310 *et seq.* and thus have a legal obligation to provide

Plaintiff Mr. Golding and all employees a workplace free of unlawful discrimination. Defendant CITY failed to do so.

39. Defendants' actions, as alleged in "Factual Allegations Generally Applicable to All Claims" and in his federal cause of action based on race discrimination above, resulted in unequal treatment, made it more difficult for him to perform his job and created a hostile work environment. As such under state law, N.R.S. 613.310 *et seq.*, Defendant CITY is guilty of illegal race discrimination. This illegal discrimination has proximately caused his injury, harm and loss.

40. Plaintiff Mr. Golding has suffered economic losses, physical injury, emotional distress, humiliation, and mental anguish and he is entitled to be fully compensated for those losses by these Defendants under applicable remedies available under Nevada law.

41. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff Mr. Golding has had to secure the services of an attorney to pursue this action, and he should be awarded a reasonable sum for his attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### Discrimination Based on Disability and Failure to Accommodate

### in Violation of Federal Statutes

42. Plaintiff Mr. Golding repleads and realleges every allegation contained in paragraphs 1 through 41 with the same force and effect as if set forth herein.

43. Plaintiff Mr. Golding, an disabled male, is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

44. The Defendant, as an employer, is subject to the federal statute prohibiting disability discrimination pursuant to the Americans with Disabilities Act, as amended and thus has a legal obligation to provide Plaintiff Mr. Golding and all employees a workplace free of unlawful discrimination and is required to reasonably accommodate his disability.

45. Mr. Golding was treated differently because of his disability, sleep apnea, that was a pre-existing and documented military service-connected disability, and that differential

treatment altered the terms and conditions of his employment, created a hostile work environment, made it more difficult for him to do his job, affected his job performance, and prevented him from promotions and advancement opportunities that he was qualified for. Examples of this differing treatment, some of which are detailed above, include but are not limited to, subjecting him to differing performance standards, stricter scrutiny or closer supervision of his work, denying promotions and/or informing him that he was not eligible for a promotion that he qualified for, harassing and subjecting him to a medical exam by Mr. Gordon that another similarly situated employee, Richard Gulka (Caucasian), was not subjected to after having committed the same or similar performance issue that Mr. Golding was accused of by Mr. Gordon, relegating him to perform menial work duties, and punishing him and retaliating against him by taking away his driving privileges.

46. These actions constitute violations of federal law prohibiting disability discrimination under the ADA.

47. The Defendant is an employer subject to the ADA and thus is liable for damage and injuries that Mr. Golding suffered, and continues to suffer, while in its employ for illegal disability discrimination.

48. Plaintiff Mr. Golding has suffered economic losses as a result of this illegal disability discrimination and failure to promote, including being subjected to differing performance standards, and he is entitled to recover an amount sufficient to make him whole.

49. Plaintiff Mr. Golding has suffered emotional distress, humiliation, and mental anguish and under the aforementioned federal statute, he is entitled to be compensated therefor.

50. Plaintiff Mr. Golding is also entitled to punitive damages in an amount sufficient to punish the Defendant and to deter them and others from engaging in these actions. Under the aforementioned federal statute, Plaintiff Mr. Golding is entitled to recover punitive damages from the Defendant.

/ / /

51. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff Mr. Golding has had to secure the services of an attorney to pursue this action, and he should be awarded a reasonable sum for his attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**Discrimination Based on Disability and Failure to Accommodate in**

**Violation of State Statutes**

52. Plaintiff Mr. Golding repleads and realleges every allegation contained in paragraphs 1 through 51 with the same force and effect as if fully set forth herein.

53. Plaintiff Mr. Golding, an disabled male, is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

54. Defendant, as an employer in Nevada, is subject to the state statute prohibiting discrimination based on disability, N.R.S. 613.310 *et seq.* and thus have a legal obligation to provide Plaintiff Mr. Golding and all employees a workplace free of unlawful discrimination. Defendant CITY failed to do so and failed to reasonably accommodate his disability.

55. Defendants' actions, as alleged in "Factual Allegations Generally Applicable to All Claims" and in his federal cause of action based on disability discrimination above, resulted in unequal treatment, made it more difficult for him to perform his job and created a hostile work environment.  As such under state law, N.R.S. 613.310 *et seq.*, Defendant CITY is guilty of illegal disability discrimination.  This illegal discrimination has proximately caused his injury, harm, and loss.

56. These actions constitute violations of Nevada law prohibiting disability discrimination under N.R.S. 613.310 *et seq.*

57. Plaintiff Mr. Golding has suffered economic losses, physical injury, emotional distress, humiliation, and mental anguish and he is entitled to be fully compensated for those losses by these Defendants under applicable remedies available under Nevada law.

/ / /

58. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff Mr. Golding has had to secure the services of an attorney to pursue this action, and he should be awarded a reasonable sum for his attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Intentional Discrimination in Violation of Federal and State Statutes

59. Plaintiff Mr. Golding repleads and realleges every allegation contained in paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. Plaintiff Mr. Golding, an African-American male, is a member of the class of persons protected by federal and state statutes prohibiting discrimination based on race and disability.

61. Defendant CITY deprived Plaintiff Mr. Golding from the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship by failing to rectify the harassing behavior Plaintiff Mr. Golding was subjected to at his place of employment.

62. Defendant CITY deprived Plaintiff Mr. Golding from the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship by intentionally creating a hostile and offensive workplace as a result of the unequal treatment that made it more difficult for him to perform his job and deprived him of promotions he was qualified for.

63. Defendant CITY's actions were taken with malice and/or with reckless indifference to Plaintiff Mr. Golding's federally-protected rights.

64. Plaintiff Mr. Golding has suffered economic losses, physical injury, emotional distress, humiliation, and mental anguish and he is entitled to be fully compensated for those losses by these Defendants under applicable remedies available under Nevada law.

65. Plaintiff is entitled to recover punitive damages because Defendant acted with reckless indifference to federally protected rights of Plaintiff Mr. Golding when the Defendant CITY failed to rectify or even acknowledge to unlawful behavior.

///

66. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff Mr. Golding has had to secure the services of an attorney to pursue this action, and he should be awarded a reasonable sum for his attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Retaliation

67. Plaintiff Mr. Golding repleads and realleges every allegation contained in paragraphs 1 through 66 as if fully set forth herein.

68. The aforementioned state and federal statutes prohibiting race discrimination also prohibit retaliation against any individual engaged in reporting or complaining about possible discrimination or acts which might constitute discrimination.

69. Defendants subjected Plaintiff Mr. Golding to retaliation when he engaged in protected activity, and then they took or tolerated actions against him, which included the following: subjecting him to differing performance standards, stricter scrutiny or closer supervision of his work, taking away his driving privileges, requiring him to drive a different car with a GPS device, relegating him to perform menial work duties, disciplining him for falling asleep when a white employee was not disciplined for similar behavior, unwarranted and unjustified negative performance reviews, and unwarranted written reprimands.

70. The Defendant CITY failed to take reasonable actions to prevent retaliation against Plaintiff Mr. Golding.

71. The aforementioned actions and conduct of the Defendant CITY constitutes illegal retaliation prohibited by state and federal statutes.

72. Plaintiff Mr. Golding has been seriously harmed, economically and emotionally, by this unlawful discrimination in the form of illegal retaliation and he is entitled to be fully compensated therefor.

73. As a direct and proximate result of Defendant's wrongful conduct and illegal discrimination in the form of retaliation, Plaintiff Mr. Golding has had to secure the services of

an attorney to pursue this action, and he is entitled to recover his reasonable attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

### Negligent Hiring, Supervision, and Retention

74. Plaintiff Mr. Golding repleads, realleges, and incorporates by reference every allegation in paragraphs 1 through 73 above as if fully set forth herein.

75. Plaintiff Mr. Golding is entitled to a safe and productive work environment. As her employer, Defendant CITY has a duty to hire, employ, supervise, manage and retain managerial and supervisory employees who are fit for those positions. Defendant CITY has a duty to see that managerial and supervisory employees properly exercise the authority and power entrusted to them in the workplace.

76. Defendant CITY breached these duties by failing to properly screen, train and control their employees. These breaches include, but are not limited to, failing to develop, implement and evaluate the effectiveness of proper policies and procedures to prevent abuse and illegal discrimination, failing to set and maintain sound management policies to prevent and remedy mismanagement, failing to ensure that managers and supervisors understand and comply with applicable laws, including those which prohibit retaliating against an employee for engaging in protected conduct or that which public policy favors or requires.

77. Defendant CITY's breach and negligence has caused harm to Plaintiff Mr. Golding and he is entitled to be compensated in an amount to be determined at trial.

78. Plaintiff Mr. Golding has had to hire an attorney to prosecute this action and therefore seeks his reasonable attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff GARRY E. GOLDING respectfully prays as follows:

    A.    For a trial by jury on all issues;

    B.    For all damages allowable under state and federal statutes prohibiting discrimination and retaliation;

C. For all damages allowed or recoverable under Nevada law, for compensatory, special and general damages;

D. For punitive damages in an amount sufficient to punish and deter Defendants from engaging in any such conduct in the future and as an example to other employers and elected officials not to engage in such conduct;

E. For the costs of this action together with reasonable attorneys' fees and costs, as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e-6(k);

F. For prejudgment interest as allowable by law;

G. For an additional amount to account for any taxes Plaintiff may be called upon to pay in relation to any awards made herein;

H. For such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff GARRY E. GOLDING demands a trial by jury on all issues so triable.

Respectfully submitted this 5th day of September, 2017.

By: /s/ Melanie A. Hill
Melanie A. Hill, #8796
LAW OFFICE OF MELANIE HILL
9345 W. Sunset Road, Suite 100
Las Vegas, NV 89148
Tel.: (702) 362-8500
Fax: (702) 362-8505
Melanie@MelanieHillLaw.com
Attorneys for Plaintiff *Garry E. Golding*